Chables W. Fboessbl, J.
In this action for personal injuries, defendants moved to dismiss the complaint at the close of the case and decision was reserved on said motions. Pending the determination of said motions, the matter was submitted to the jury who disagreed.
Plaintiff was injured while working in a building under construction in connection with the Queensbridge Housing Project. He was employed by the electrical subcontractor. He sued the general contractor, Cauldwell-Wingate Co., Inc., and another subcontractor, Corbetta Construction Co., Inc., who undertook to perform all the “ excavation, concrete and associated work ” on the building in question. Preparatory to pouring the concrete that was to form the perimeter of a certain stair well on the second floor of the building, the Corbetta Company constructed wooden forms on 3 sides of said stair well. These forms were 12 inches wide by 12 inches deep and were intended to receive the concrete that was to be poured after plaintiff’s employer had placed certain electrical conduits. .Across the stair well which was approximately 12 feet long by 8 feet wide, said subcontractor placed two “ spreaders ” which were pieces of lumber 2 inches by 6 inches and about 8 feet long. The ends of these spreaders did not rest upon the top of the wooden forms or the adjoining floor, but were wedged in between said forms and held in place by small cleats or pieces of wood at each end. These spreaders were clearly not intended to be weight-bearing but were to prevent the wooden forms from bulging outward when the concrete was poured into the forms.
Plaintiff walked across one of these spreaders in order to get certain conduits, resting against one of the spreaders, and placed in the stair well by neither of these defendants. In doing so, the spreader gave way and he fell to the cellar, one floor below. The pouring of the concrete could not be continued until after the electrical conduits were in place, and this latter work was just being started by the plaintiff and a fellow elec *854 trician. It is quite obvious that the spreader is not such a structure — as a ladder, platform, hoist, scaffold or plank over an opening — to be used for the purpose of being walked upon, and plaintiff, who had been employed as an electrician in the building trade for some 20 years, was familiar with its purpose. This spreader was not a place of work, nor a “ way ” nor an “ approach ” to a place of work.
Upon the record before me, I am constrained to conclude that plaintiff has failed to establish any actionable negligence on the part of either defendant and, moreover, I am of the opinion that he was guilty of contributory negligence as a matter of law. Under the circumstances, the motions of the defendants to dismiss must be granted.